UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VAL BONNETTE,

                             Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ NOV 26 2018 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

16-cv-6398 (ENV)

VITALIANO, D.J.

On November 15, 2016, plaintiff Val Bonnette, proceeding *pro se*, commenced this action, as authorized by 42 U.S.C. § 405(g), requesting review of the final decision of the Commissioner of Social Security (the "Commissioner"), which denied his claim for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). Compl. (ECF No. 1). For the reasons that follow, the action is dismissed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Bonnette's inexcusable failure to prosecute.

## Background

This saga begins long before Bonnette filed his application for SSI on November 19, 2009, since he alleges disability as of April 22, 2002. Administrative Record at 12 (ECF No. 9) ("R."). His application was denied on May 14, 2010, (R. at 64), which was met by his request for a hearing before an administrative law judge ("ALJ"). By order, dated November 17, 2010, ALJ Lori Romeo dismissed plaintiff's request for a hearing because he failed to appear at the hearing that had been scheduled. (R. at 65-69). On November 10, 2011, Bonnette requested review of the ALJ's order, claiming that he had been incarcerated from July 15, 2010 to July 25,



1

2011. (R. at 121). By order, dated May 29, 2012, the Appeals Council vacated the order of dismissal and remanded plaintiff's claim for further proceedings. (R. at 70-72). On July 14, 2014, a hearing on remand was held. (R. at 32-63). Following that, the ALJ issued a decision, on March 13, 2015, finding that Bonnette was not disabled within the meaning of the Act. (R. at 9-31). On May 13, 2016, the Appeals Council denied plaintiff's request for review. (R. at 1-5).

This action was filed on November 15, 2016. On December 9, 2016, the Court issued a scheduling order, under which the Commissioner was directed to move for judgment on the pleadings by June 12, 2017 and plaintiff was ordered to file responsive papers within 30 days, in no case later than July 12, 2017. Order (ECF No. 5). On June 12, 2017, the Commissioner filed her motion. Mot. for J. on the Pleadings (ECF No. 13). Pursuant to the earlier scheduling order, plaintiff should have filed his opposition and cross-motion by July 12, 2017. However, on July 10, 2017, Bonnette moved for an extension of time, which the Court granted; it was on the Commissioner's consent. Mot. for Extension (ECF No. 14). Time was extended through September 12, 2017. On September 8, 2017, Bonnette moved for the appointment of *pro bono* counsel, citing mental health challenges and financial difficulties. Mot. to Appoint Counsel (ECF No. 15). The Court denied the motion on October 16, 2017, given the lack of legal complexity in the case, the unlikelihood of success on the merits, and the fact that plaintiff held a paralegal degree. Mem. & Order (ECF No. 20). The Court simultaneously extended Bonnette's time to file his opposition and cross-motion to November 15, 2017. *Id.*

After Bonnette failed to file by the deadline, the Court waited nearly 10 more months before issuing an order to show cause, demanding that plaintiff "submit a letter to the Court, no later than September 19, 2018, explaining why this action should not be dismissed for failure to prosecute, pursuant to Rule 41(b)." Order, dated Sept. 5, 2018. On September 14, 2018,

Bonnette submitted a letter purporting to explain his failure to prosecute. Letter from Val Bonnette (ECF No. 21). As discussed below, plaintiff's proffered explanation was inadequate, but the Court, out of extraordinary solicitude, extended the deadline for plaintiff's filing to November 15, 2018. Order, dated Oct. 9, 2018. Once again, by not substantively responding to the Commissioner's motion, Bonnette failed to comply with the Court's order.

## Discussion

Rule 41(b) recognizes the district courts' power "to dismiss a complaint for failure [of the plaintiff] to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995). "Courts have repeatedly found that '[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives.'" *Robinson v. Sposato*, No. 13-cv-3334 (JFB) (WDW), 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (alteration in original) (quoting *Yulle v. Barkley*, No. 9:05-cv-0802 (LEK/DEP), 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007)).

In deciding whether to dismiss for failure to prosecute, the motion court must consider "1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result;" 4) the balance of the court's "interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard;" and 5) "the efficacy of a sanction less draconian than dismissal." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). It is also well-settled that no one factor is dispositive. *Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009).

These considerations clearly favor dismissal of Bonnette's complaint. Plaintiff has failed

3

to comply with the Court's briefing schedule for nearly one year, despite the Court's granting several extensions of time. Moreover, the Court's order of September 5, 2018 warned of the prospect of dismissal, and its order of October 9, 2018 specifically threatened that "this action [would] be dismissed without further warning and with prejudice" if plaintiff failed to file his motion in a timely fashion, Order, dated Oct. 9, 2018. Although Bonnette complied with the September 5 order by filing a letter, the letter was unresponsive to the Court's request. The letter noted that Bonnette was proceeding *pro se*. However, as the Court found in its order denying the appointment of *pro bono* counsel, this case does not involve significant legal complexity, and Bonnette holds a paralegal degree. Moreover, the lack of counsel does not justify Bonnette's prolonged failure to communicate with the Court, as by requesting further extensions of time, for example. Plaintiff also referred to his disabilities. Although these references draw the Court's sympathy, they do not justify a delay of nearly one year in prosecuting this action. Even more troubling is Bonnette's failure to comply with the October 9 order, a failure that is both unexplained and inexcusable.

Further litigation would merely burden the docket and prejudice the defendant. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) ("[P]rejudice to defendants resulting from unreasonable delay may be presumed . . . ." (citation omitted)). Moreover, no sanction short of dismissal would be effective. A monetary sanction would be inappropriate, given Bonnette's *in forma pauperis* status. There are no specific facts to designate or arguments to preclude, given that this is not a discovery dispute. *Cf.* Fed. R. Civ. P. 37(b)(2). Instead, there is just a bad-faith failure to comply with the Court's scheduling order, despite extensions of time and an abundance of patience. *Cf. Bristol v. Ackerman (In re Bristol)*, No. 09-cv-1683 (JFB), 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) (identifying bad faith when a litigant failed

to file a brief or otherwise communicate with the court in 11 months). Bonnette has provided no reason to believe that he will comply with further orders or in any way prosecute this action. A sanction less severe than dismissal would merely leave a stagnant case on the docket, without providing relief to Bonnette or repose to the Commissioner.

## Conclusion

For the foregoing reasons, the action is dismissed with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Memorandum and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to enter judgment accordingly, to mail a copy of this order to plaintiff, and to close this case.

So Ordered.

Dated: Brooklyn, New York
November 19, 2018

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO
United States District Judge